**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.B.**

**No. 23-3** (Hampshire County CC-14-2021-JA-59)

## MEMORANDUM DECISION

Petitioner Mother T.B.[1] appeals the Circuit Court of Hampshire County's November 3, 2022, order terminating her parental rights to D.B.,[2] arguing that the circuit court erred in denying her a post-dispositional improvement period and terminating her parental rights instead of considering less restrictive alternatives. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2021, the DHS filed a petition alleging that petitioner abused and neglected the child based upon petitioner's drug use, exposure of the child to domestic violence with the child's father, failure to provide appropriate housing, and neglect of the child's educational needs. At a hearing in August 2021, petitioner stipulated that she exposed D.B. to illegal drugs and domestic violence between herself and the child's father, neglected the child's educational needs, and failed to supply the child with adequate shelter. Accordingly, the circuit court adjudicated petitioner of abusing and neglecting the child.

Thereafter, the circuit court granted petitioner a six-month post-adjudicatory improvement period. Petitioner substantially complied with the terms of her improvement period until October 2021, when she relapsed and tested positive for methamphetamine. Despite petitioner's relapse, the circuit court allowed her improvement period to continue. In February 2022, petitioner's post-adjudicatory improvement period was extended for an additional three months. In April 2022,

---

[1]Petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Joyce E. Stewart appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

petitioner was permitted to have an overnight visit with the child due to her substantial compliance with services. However, at a hearing in July 2022, it was reported that petitioner had not shown up for drug testing since May. The circuit court briefly recessed to allow petitioner to submit to a drug screen. That day, petitioner tested positive for methamphetamine and amphetamine. The matter was set for disposition.

The dispositional hearing commenced in September 2022. The DHS presented testimony from a service provider that petitioner submitted to her drug screens at their facility until May 2022, when she failed to appear on six occasions in the latter part of May and failed to appear for all drug screens in June and July 2022. The DHS also presented testimony from a worker at the day report center who explained that petitioner tested positive for methamphetamine and amphetamine seven times between July 2022 and September 2022. The dispositional hearing was continued until October 2022, at which time petitioner made an oral motion for a post-dispositional improvement period. Petitioner argued that her circumstances had substantially changed since the September hearing because she began participating in an advanced residential substance abuse treatment program. Petitioner presented the testimony of her counselors, who explained that the program was twelve to eighteen months long and petitioner had been in the program for two weeks and was fully compliant, but therapy and parenting classes still needed to be arranged. Petitioner then testified on her own behalf. Petitioner admitted to relapsing in July, but she could not explain why her drug tests following that relapse were positive for methamphetamine. She stated that her plan was to remain in the substance abuse treatment program, get a part-time job, and have the child live with her at the facility. She also testified that she ended her relationship with the father.

Based on the evidence, the circuit court denied petitioner's motion for a post-dispositional improvement period. Although petitioner admitted to relapsing, the circuit court found that she failed to acknowledge the seriousness of her addiction. Further, petitioner refused to admit use of the methamphetamine as evidenced by her positive screens. The circuit court noted that despite nearly fourteen months of services afforded to her, petitioner "relapsed and only in the eleventh hour . . . sought treatment by entering into another recovery program." The circuit court found that petitioner's circumstances had not changed as she continued to abuse illicit substances and any additional improvement period would be to the detriment of the child's health, safety, and welfare. As such, the circuit court found that there was no reasonable likelihood that she would correct the issues in the near future and that termination of petitioner's parental rights was in the child's best interests. Accordingly, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she demonstrated a substantial change in circumstances by ending her relationship with the child's father and by entering an inpatient substance abuse treatment program. *See* W. Va. Code § 49-4-610(3)(D) ("The court may grant an improvement period . . . as a disposition . . . when . . . the

---

[3]The father's parental rights were also terminated. The permanency plan for the child is adoption in his current placement.

2

respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and demonstrates that she is "likely to fully participate in the improvement period."). We find no merit in this argument as petitioner failed to demonstrate that she was likely to fully participate in the improvement period. Petitioner had already received fourteen months of services and had relapsed three times. Moreover, petitioner failed to fully acknowledge her continued use of methamphetamine by maintaining that she did not know why she had positive drug screens. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004))). Accordingly, we find that the circuit court did not err in denying petitioner's request for a post-dispositional improvement period.

Finally, petitioner argues that it was error to terminate her parental rights rather than consider less restrictive alternatives because there was a reasonable likelihood that she could remedy her drug use in the near future. We disagree. As we have consistently held:

> Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected. Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, petitioner's multiple relapses after fourteen months of services were sufficient evidence for the circuit court to find that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Further, the court had ample evidence upon which to find that termination was in the child's best interests. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child). Accordingly, termination of petitioner's parental rights without considering less restrictive alternatives was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 3, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn